## S. L. Crook Corporation v. Deboe, Sheriff of Caldwell County, et al.

(Decided Feb. 4, 1938.)

CHARLES FERGUSON for appellant.

J. O. HARDIN for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In April, 1931, L. J. Hobby recovered a judgment in the Caldwell quarterly court against the appellant, S. L. Crook Corporation, in the sum of $197.62, from which judgment appellant prosecuted an appeal to the Caldwell circuit court. It appears that the same L. J. Hobby and a business partner of his, one Hallowell, were claiming that the appellant owed them an additional sum of $144.50, making a total of $342.14. At a following term of the court, on November 2, 1933, an agreed order or settlement was entered into between the parties and entered of record in the Caldwell circuit court, and referred to in the record as the "agreed judgment." There appear two orders of settlement in the record officially certified by the clerk. The first one appearing in the record reads as follows:

"L. J. Hobby, Plaintiff, vs. S. L. Crook Corp.,

Defendant

"Agreement

"Whereas, there is now a suit pending in the Caldwell Circuit court styled as above in which L. J. Hobby is seeking to recover of the defendant $197.64, and Whereas, Hobby and Hollowell now the owners of certain lease rights has a claim against the said corporation of $144.50 total of these two claims $342.14 and

"Whereas, there is now about 75 tons of spar

which has been mined and brought to the surface and log washed and there is now a contract under which the persons or corporations producing this spar are to pay to Hollowell and Hobby $3.00 per ton royalty,

"It is now agreed between the parties to this cause of action that the defendant corporation will pay to the said plaintiff, Hobby, $197.64 the amount sued for and the costs of this suit to this date and will also pay to Hobby & Hollowell $144.50 royalties claimed to be due the said Hollowell & Hobby the total of these two claims being $342.14. And it is further agreed between the parties hereto that there is now about 75 tons of spar as above set out on the grounds at the time and that this spar will be released to the S L. Crook Corporation the said Hollowell & Hobby retaining a lien on the same for the royalty due them according to their contract. It is further agreed that the said corporation will take charge of this spar, mill it and haul it at once, weathering permitting, and market it at a reasonably early date and when the proceeds of the same shall have been received by the corporation that the corporation will forthwith pay off the $342.14 as above set out and will also pay the royalties according to contract according to the analysis as mentioned in said contract.

"This analysis to be made by a Cincinnati chemist and either party not satisfied with analysis so made may have his own or its own analysis made at his or its expense to his own satisfaction.

"It is further understood that the corporation will also pay out of the proceeds of the sale of said spar the unpaid wages due to Dolph Tyrie and Leonard Carner,

"It is agreed that this suit shall be dismissed settled according to the terms of this contract at the defendant's cost.

"This 2nd day of November, 1933.

"S. L. Crook Corporation.

"By, R. E Crook

"Sec. & Treas.

"L. J. Hobby,
"John O. Hardin, Atty.,
"For Leonard Carner, and Dock
Tyrie."

Then there appears in the record another order which appears to have been filed as an exhibit with appellant's petition, which is a duplication of the above order, except following the signatures of the parties there appears the following:

"It is therefore adjudged by the court that the foregoing contract between the plaintiff, L. J. Hobby and the defendant, S. L. Crook Corporation, is the judgment of this court, as a settlement between them, and the plaintiff, L. J. Hobby, will have and recover of the defendants, S. L. Crook Corporation his costs herein expended, no execution to issue until after an elapse of a reasonable length of time for the defendant to execute and perform said agreement."

Various other steps were taken including certain other actions filed in the circuit court involving the same alleged indebtedness, not necessary to set out in detail for the purpose of determining the question before us. It appears that an execution was issued by the clerk of the Caldwell circuit court on the "agreed judgment" above set out and was returned by the sheriff "no property found." One of the intervening suits referred to was in the nature of a suit in discovery after the return of that execution.

However, while these various other intervening actions were pending and before any final determination of them or any of them was reached, or without dismissing same, the plaintiffs in execution (appellees) apparently abandoned their intervening actions and caused to be issued from the clerk's office another execution upon the same agreed order or judgment and placed it in the hands of the sheriff of Caldwell county for execution. Thereupon, the appellant brought this action in the Caldwell circuit court seeking to enjoin the sheriff and the plaintiffs in execution from levying it upon its property.

At the time of the filing of appellant's action in the court below, it obtained a temporary restraining order

restraining the sheriff from levying the execution, and upon a hearing of the case the court dissolved the temporary restraining order and refused the injunction, and further adjudged that the contract made and entered into between the parties on November 2, 1933 (the above agreed order of settlement), to be the judgment of the court as a settlement between the parties, and further adjudged that L. J. Hobby recover of appellant the sums set out in the agreed judgment, with interest. And further adjudged that Dock Tyrie recover of appellant the sum of $42 with interest, and that Leonard Carner recover the sum of $27 with interest, as wages referred to in the agreed settlement. This appeal results.

It is pleaded in appellant's petition below and established by the proof that the supposed 75 tons of fluorspar, turned over to appellant to be marketed as provided in the agreed settlement, turned out to be considerably less than 75 tons and was of an inferior grade, and after appellant marketed it, it obtained only $217 for it which it tendered in full settlement of the $342 14, claiming that pursuant to the agreement of the parties as set out in the agreed order that this was in full satisfaction of the indebtedness and appellant was not obligated by the agreement to pay more than it realized from the sale of the fluorspar. Appellees refused to accept the $217 in full satisfaction of their debt, and are insisting on payment of the full sum of $342.14.

While the agreement referred to the 75 tons of fluorspar and provided that the $342.14 would be paid when the fluorspar was marketed, yet it is plainly agreed between the parties that appellant's indebtedness to appellees is $342.14. It appears that at the time of the agreed settlement the parties assumed or took it for granted that the 75 tons of fluorspar would be sufficient to liquidate the indebtedness. But we do not construe the agreement to mean that the proceeds of the sale of the fluorspar alone would be in full satisfaction of the indebtedness, unless it was sufficient to liquidate same. It is our conclusion that appellant is bound by the agreement to pay appellees the full sum of $342.14.

This brings us to the question of whether or not the agreed order of settlement has the force and effect of a judgment of the court upon which execution may issue.

It is not material which of the agreed orders of settlement above referred to is the correct one. It will be noticed that the orders do not purport to adjudge anything against appellant, defendant below, and are nothing more than an agreement or contract of settlement between the parties, and consented to and approved by the court.

In the last order the signatures of the parties are followed by the language set out above, but for convenience of the reader we here requote:

"It is therefore adjudged by the court that the foregoing contract between the plaintiff, L. J. Hobby and the defendant, S. L. Crook Corporation, is the judgment of this Court, *as a settlement between them,* and the plaintiff, L. J. Hobby will have and recover of the defendants, S. L. Crook Corporation his costs herein expended, no execution to issue until after an elapse of a reasonable length of time for the defendant to execute and perform said agreement." (Our italics.)

It is to be noticed that the court does not adjudge that the plaintiff will recover of defendant any sum except costs, but merely adjudges that the contract between the parties is a settlement between them. But, as to the costs, it is only a part of the agreement of settlement between the parties, the same as the settlement of the debt. The order further provided that no execution would issue until after an elapse of a reasonable length of time, etc. But this provision is meaningless unless the agreement of settlement between the parties is in reality a judgment of the court for a specific sum.

The facts disclosed in the record impel us to the conclusion that the contract of settlement or "agreed judgment" is nothing more than a contract of settlement between the parties which the court allowed to be entered of record, but not a personal judgment. If appellant has not complied with or breached the con-

tract of settlement, appellee's remedy is by suit on the breach of same, the same as for breach of any other contract. It was the duty of appellees (plaintiffs below) to accept the $217 tendered as part payment of their debt and costs, and if they may desire, proceed to recover the balance in the manner we have indicated above.

The action being one for the sole purpose of enjoining the sheriff from levying the execution, there was no other matter before the court except to pass upon that single question. It was error to enter a judgment upon the contract of settlement, except in an action brought for that purpose.

It follows from what has been said that the issuance of the execution was unauthorized and the court erred in failing to sustain appellant's application for the injunction.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.